IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHICHININ, LLC,<br><br>Petitioner,<br><br>vs.<br><br>SPRINT CORPORATION, T-MOBILE USA, INC., T-MOBILE US, INC.,<br><br>Respondents. | CIVIL NO. 21-00483 JAO-KJM<br><br>**ORDER (1) GRANTING RESPONDENTS' MOTION TO DISMISS; (2) DENYING PETITIONER'S MOTION TO VACATE ARBITRATION AWARD; AND (3) DENYING RESPONDENTS' COUNTER MOTION TO CONFIRM ARBITRATION AWARD** |

**ORDER (1) GRANTING RESPONDENTS' MOTION TO DISMISS; (2) DENYING PETITIONER'S MOTION TO VACATE ARBITRATION AWARD; AND (3) DENYING RESPONDENTS' COUNTER MOTION TO CONFIRM ARBITRATION AWARD**

Shichinin, LLC ("Petitioner") petitions and moves the Court to vacate an arbitration award against it. *See* ECF No. 1 ("Petition"); ECF No. 2 ("Motion to Vacate"). Respondents Sprint Corporation, T-Mobile USA, Inc., and T-Mobile US, Inc. (collectively, "Respondents") move to dismiss — or, alternatively, stay or transfer — the Petition pursuant to the "first-to-file rule" based on an earlier-filed matter in the United States District Court for the Northern District of Texas

1

relating to the same arbitration award. *See* ECF No. 24 ("Motion to Dismiss"). Respondents also filed a counter motion to confirm the arbitration award in opposition to the Petition and Motion to Vacate. *See* ECF No. 38 ("Counter Motion to Confirm"). For the following reasons, the Court GRANTS the Motion to Dismiss. Accordingly, the Court also DENIES the Motion to Vacate and Counter Motion to Confirm as moot.

## I. BACKGROUND

**A.    Facts**

Because the Court grants Respondents' Motion to Dismiss, it recounts only those facts pertinent to that motion and does not include facts relevant to the merits of the Motion to Vacate or Counter Motion to Confirm.

Petitioner and Respondents' predecessor in interest were engaged in a joint venture to offer mobile broadband data service in Hawaiʻi. *See* ECF No. 1 ¶¶ 1, 18. The joint venture fell apart and litigation in Hawaiʻi state court ensued. *Id.* ¶¶ 21–22. In that litigation, Petitioner filed a cross-claim against Respondents[1] and Respondents moved to compel arbitration. *Id.* ¶ 22. The Hawaiʻi court granted the motion to compel. *Id.* Petitioner and Respondents thereafter agreed to arbitrate

---

[1] As explained below, among Respondents, only Sprint Corporation was a party to the initial litigation and to the arbitration. However, for simplicity, the Court refers collectively to Respondents except where the distinction between the corporate entities is relevant.

2

their dispute in Dallas, Texas using the Judicial Arbitration and Mediation Services ("JAMS") as the arbitral forum. *Id.* ¶¶ 2, 24. Each party picked one arbitrator, and those two arbitrators designated a third to constitute the panel. *See id.* On September 13, 2021, the JAMS panel issued its "Final Award." *Id.* ¶ 28; *see also* ECF No. 41-1 (redacted Final Award). The Final Award denied Petitioner's claims, concluded that Respondents were the prevailing party, and found that Respondents were entitled to recover nearly $4 million dollars in attorney's fees and costs. *See* ECF No. 1 ¶ 28; ECF No. 41-1 at 59.

Approximately two weeks later, Respondents petitioned to confirm the Final Award in the United States District Court for the Northern District of Texas. ECF No. 1 ¶ 31; *see also Sprint Corp. v. Shichinin LLC*, No. 3:21-cv-02308-N (N.D. Tex.) ("N.D. Texas Action").[2] Petitioner then filed its Petition and Motion to Vacate in this Court on December 7, 2021. ECF Nos. 1, 2. The next day, Petitioner filed an answer in the N.D. Texas Action requesting transfer to this Court or vacatur of the Final Award. *See* N.D. Texas Action, ECF No. 13 at 21–22. On December 10, 2021, Petitioner also filed a motion to vacate the Final

---

[2] The Court takes judicial notice of the N.D. Texas Action's docket. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (internal quotation marks and citation omitted)).

Award in the Hawaiʻi state court action. *See CJPJ Holdings, LLC v. U.S. Pac. Cap. Co.*, No. 1CC141002485 (Haw. 1st Cir. Ct.), Dkt. No. 65 (follow "eCourt Kokua"; then follow "Case Search" for Case ID 1CC141002485) (last visited Feb. 9, 2022).[3]

**B.     Procedural History**

In this Court, Petitioner filed its Petition and Motion to Vacate on December 7, 2021.  ECF Nos. 1, 2.  Respondents filed their Motion to Dismiss on December 30, 2021.  ECF No. 24.  That same day, the Court set both the Motion to Vacate and Motion to Dismiss for a hearing on February 4, 2022.  ECF No. 25.  Petitioner opposed the Motion to Dismiss, and Respondents filed their Counter Motion to Confirm and memorandum in support of their Counter Motion to Confirm and in opposition to the Motion to Vacate, on January 14, 2022.  ECF Nos. 37, 38, 38-1.  The January 14 filing date of both (1) Petitioner's opposition to the Motion to Dismiss and (2) Respondents' Counter Motion to Confirm and opposition to the Motion to Vacate, is relevant because it was twenty-one days before the scheduled hearing, *i.e.*, the deadline under the Local Rules of Practice for the United States District Court for the District of Hawaii.  *See* LR7.2 ("An opposition to a motion set for hearing shall be served and filed at least twenty-one (21) days prior to the date of the hearing."); LR7.7 ("Any motion raising the same subject matter as an

---

[3]  The Court also takes judicial notice of the state court proceedings.

4

original motion may be filed by the responding party together with the party's opposition and may be noticed for hearing on the same date as the original motion[.]  A party's memorandum in support of the counter motion must be combined into one document with the party's memorandum in opposition to the original motion[.]").  Respondents filed a reply in support of their Motion to Dismiss on the deadline of January 21, 2022.  *See* ECF No. 42.

But, in violation of the deadlines established in the Local Rules, Petitioner failed to file its joint reply in support of the Motion to Vacate and opposition to Respondents' Counter Motion to Confirm.  *See* LR7.7 ("A party's opposition to the counter motion must be combined into one document with that party's reply in support of the original motion[.]").  Instead, Petitioner filed a motion to strike Respondents' reply in support of the Motion to Dismiss or, in the alternative, to allow Petitioner a chance to respond.  ECF No. 44.  Petitioner also sought a continuance of the scheduled February 4, 2022 hearing to engage in discovery or for a chance to file an opposition to Respondents' Counter Motion to Confirm.  ECF No. 45.  The Court denied both the motion to strike and the motion to continue. ECF No. 46.  As expressed in the Court's entering order, Petitioner is not entitled to discovery on the pending matters and its failure to follow the deadlines set forth in the Local Rules does not justify a continuance.  Petitioner's counsel apparently failed to understand that any reply in support of its Motion to

Vacate would have been due on January 21, 2022 and would have had to be combined with any opposition to Respondents' Counter Motion to Confirm. But Petitioner's counsel should have been aware of the deadline to file the joint reply/opposition on December 30, 2021, when the Court set the hearing date on the motions — even though Respondents filed their Counter Motion to Confirm over two weeks later on January 14, 2022 — because the filing of the Counter Motion did not change Petitioner's deadline to file a reply.[4]

## II.   LEGAL STANDARD

The first-to-file rule is "a judicially created 'doctrine of federal comity.'" *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). It "may be applied when a complaint involving the same parties and issues has already been filed in another district." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (internal quotation marks and citation omitted); *see In re Bozic*, 888 F.3d at 1051. Courts analyze three factors in determining whether the rule applies: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *See Kohn Law Grp.*, 787 F.3d at 1240; *see also Holloway v. FedEx*

---

[4] To the extent any question remains about whether Petitioner should have been allowed to file additional briefing on its Motion to Vacate or in opposition to Respondents' Counter Motion to Confirm, the issue is now moot in light of the Court's dismissal of the Petition in this Order.

*Express*, Civil No. 19-00298 JAO-RT, 2020 WL 6586248, at *3 (D. Haw. Nov. 10, 2020).

Courts should not apply the first-to-file rule rigidly or mechanically, "but rather . . . with a view to the dictates of sound judicial administration." *Pacesetter Sys.*, 678 F.2d at 95. It "is intended to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly,'" and to drive the courts "to maximize 'economy, consistency, and comity.'" *Kohn Law Grp.*, 787 F.3d at 1239–40 (alteration in original) (citations omitted).

### III.  DISCUSSION

Respondents argue that the Petition should be dismissed pursuant to the first-to-file rule because the N.D. Texas Action is duplicative of this later-filed case. *See* ECF No. 24-1 at 9–16. As stated above, courts analyze three factors in determining whether the rule applies: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *See Kohn Law Grp.*, 787 F.3d at 1240. Petitioner opposes the Motion to Dismiss, *see* ECF No. 37, but fails to rebut Respondents' arguments on the relevant factors. In fact, Petitioner concedes that litigation over the Final Award should not proceed in this forum, but should instead occur in the original Hawaiʻi state court action. *See id.* at 12, 23–27. It spends the bulk of its opposition to the Motion to Dismiss arguing the merits of the Motion to Vacate and asserting that Hawaiʻi state court is the proper court to

consider viability of the Final Award.  *See generally id.* at 17–24.  Regardless, the Court concludes that judicial economy and comity between federal courts dictate dismissal of the instant action.

The N.D. Texas Action was filed nearly two months before the Petition in this Court.  It is the first-filed federal action.  Petitioner attempts to categorize the Hawaiʻi state court action as the first-filed case, but fails to confront that the first-to-file rule "is a generally recognized doctrine of *federal comity* which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in *another district*."  *Pacesetter Sys.*, 678 F.2d at 94–95 (emphases added) (citations omitted).  "The Supreme Court has been clear that the *Colorado River* abstention doctrine, rather than the first-to-file rule, governs a federal court's decision whether to defer to a state court and abstain from exercising jurisdiction and that abstention under *Colorado River* should be much rarer than abstention under the first-to-file rule."  *Black Rock Coffee Bar, LLC v. BR Coffee, LLC*, Case No. 3:20-cv-976-SI, 2020 WL 4728877, at *3 (D. Or. Aug. 14, 2020) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (other citations omitted).  Thus, for the purposes of the first-to-file rule, the N.D. Texas Action is the relevant case and Petitioner cannot dispute that it was filed before the Petition in this Court.

The cases Petitioner cites for the premise that the Court should treat the Hawaiʻi state court action as the first-filed are inapposite. First, Petitioner cites *Noble vs. US Foods, Inc.*, No. 14-cv-7743-RA, 2014 WL 6603418, at *4–6 (S.D.N.Y. Nov. 19, 2014),[5] but there, the district judge stayed the action to allow *another federal district court* where respondent had first filed a complaint to determine which of the two federal courts should conduct the post-arbitration proceeding. There was no relevant state court action. *See id.* Similarly, *Denver & Rio Grande Western Railroad Co. v. Union Pacific Railroad Co.*, 868 F. Supp. 1244 (D. Kan. 1994), involved two district courts and no state court action. In that case, the district court where the arbitration demand was originally filed rejected the argument that it should defer jurisdiction to the district court where the first post-arbitration motion was purportedly filed. *See id.* at 1251; *see also Todd Shipyards Corp. v. Cunard Line Ltd.*, 708 F. Supp. 1440, 1441, 1443–44 (D.N.J. 1989) (transferring action to district court where arbitration demand was first filed). Petitioner's other cases do not even involve the first-to-file rule or transfer of any kind between courts. *See LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 902–03 (D.C. Cir. 1998) (holding that district court retained jurisdiction to enter sanctions during stay for arbitration proceedings); *Smiga v. Dean Witter Reynolds,*

---

[5] Petitioner only cited this case by name, date, and district. *See* ECF No. 37 at 24. It did not provide the case number or electronic database cite.

9

*Inc.*, 766 F.2d 698, 705 (2d Cir. 1985) (rejecting challenge to district court's jurisdiction to confirm arbitration award where same district court compelled arbitration).

     Thus, Petitioner has not directed the Court to any case in which a court declined to apply the first-to-file rule because of a state court action that predated the first-filed of two district court actions.  And the Court could not find any such precedent.  Indeed, in *In re Bozic*, the Ninth Circuit suggests that the first-to-file rule can still pertain to two district court actions even when a state court action is the earliest filed case.  *See In re Bozic*, 888 F.3d at 1052–53 (noting that parties did not dispute that first-to-file rule applied, but that district court's transfer to the earlier-filed case in another district was improper because that district was not a proper venue).  Although Petitioner seems to argue that this district is more convenient than the Northern District of Texas, *see* ECF No. 37 at 12–13, Petitioner concedes that the Northern District of Texas has jurisdiction over the action and that venue is proper there, *id.* at 26.[6]  The first factor therefore weighs in favor of declining jurisdiction over the Petition.

---

[6] Petitioner asserts that jurisdiction and venue are also proper here and in the Hawaiʻi state court action.  The Court takes no position on the assertion but notes that petitions to confirm or vacate arbitration awards can be proper in multiple venues.  *See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000) (holding that the Federal Arbitration Act ("FAA") permits a motion to confirm or vacate an arbitration award to be brought either where the award was made or in any district proper under the general venue statute).

As to the second factor, "[r]egarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties. Rather, the first-to-file rule requires only substantial similarity of parties." *Kohn Law Grp.*, 787 F.3d at 1240 (citations omitted). The parties to the N.D. Texas Action are Sprint Corporation and Shichinin, LLC. *See* ECF No. 24-4 at 2 (petition to confirm arbitration award in N.D. Texas Action). Both of these entities are parties to the instant Petition. *See* ECF No. 1. But Petitioner also added T-Mobile USA, Inc. and T-Mobile, US, Inc. (collectively, "T-Mobile") to its Petition. *Id.*

The addition of T-Mobile does not defeat the substantial similarity of the parties in both actions. Petitioner alleges that Sprint Corporation is a wholly owned subsidiary of T-Mobile, USA, Inc. and that T-Mobile, USA, Inc. in turn is a wholly owned subsidiary of T-Mobile, US, Inc. *See id.* ¶¶ 14–15. That Respondents are all members of the same corporate family suggests a commonality of interests that renders the entities similar to one another. More fundamentally, however, Petitioner cannot avoid the application of the first-to-file rule simply by including a few additional parties. In *Kohn Law Group*, the Ninth Circuit found a substantial similarity of parties between the two district court actions even though the first-filed included a defendant not named in the second. *See Kohn Law Grp.*, 787 F.3d at 1240. The Ninth Circuit reasoned, "[a] contrary holding could allow a party . . . to skirt the first-to-file rule merely by omitting one party from a second

lawsuit." *Id.* Its conclusion "avoid[ed] awarding such gamesmanship and is consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity." *Id.* (citation omitted). The same reasoning applies to the addition of parties — as occurred here — especially where the added parties are themselves related to one of the parties in the original action. Thus, the Court concludes that the parties in this case and in the N.D. Texas Action are substantially similar for the purposes of the first-to-file rule.

The third factor is the similarity of issues between the two actions. "The issues in both cases also need not be identical, only substantially similar." *Id.* (citations omitted). Both the N.D. Texas Action and this case involve seemingly identical issues. The actions both concern the viability of the Final Award. This action began with the Petition seeking to vacate the Final Award, while the N.D. Texas Action commenced with Respondents seeking to confirm the Final Award. *Compare* ECF No. 1, *with* ECF No. 24-4. In both actions, the parties seek the same relief. *Compare* ECF No. 24-5 (Petitioner's answer and cross-petition to vacate in the N.D. Texas Action), *with* ECF No. 38 (Respondent's Counter Motion to Confirm). In short, the issues between the actions are indistinguishable. Thus, all three factors counsel in favor of applying the first-to-file rule.

Nevertheless, Petitioner argues that the first-to-file rule should not apply because the factors that courts consider on motions to transfer favor keeping the

case in this Court. *See* ECF No. 37 at 26; *see also id.* at 14–17 (arguing that the matter should be heard in Hawaiʻi state court). Whether that is true or not, the Court finds that it does not bear on the application of the first-to-file rule because the Northern District of Texas is more than capable of considering such a motion to transfer. In fact, Petitioner has already filed a motion to dismiss, stay, or transfer in the N.D. Texas Action based on its contention that Hawaiʻi state court is the proper forum. *See* N.D. Texas Action, ECF No. 29. But the purpose of the first-to-file rule is to avoid duplicative efforts in federal courts, *see Kohn Law Grp.*, 787 F.3d at 1240 ("When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." (internal quotation marks and citation omitted)), and those purposes are not furthered by allowing the instant case to continue in light of the N.D. Texas Action.

Petitioner also contends that the Court should decline to apply the first-to-file rule because of Respondents' purported "forum shopping." *See* ECF No. 37 at 24, 27. Petitioner seems to assert that Respondents' filing of the petition to confirm the Final Award in the N.D. Texas Action rather than in Hawaiʻi state court represents improper forum shopping. *Id.* But Petitioner concedes that the Northern District of Texas has venue to consider the Final Award. *Id.* at 26. And the plain language of the FAA provides that an application to confirm an arbitration award "may be made to the United States court in and for the district

within which such award was made." 9 U.S.C. § 9.  The JAMS panel was seated in Dallas, Texas and rendered the Final Award there.  Respondents' decision to pursue their judgment in that district does not alone establish improper forum shopping.  In fact, Petitioner's decision to seek to vacate the Final Award in three different forums raises more significant questions about looking for a friendly court.  Thus, the Court rejects Petitioner's attempts to avoid a straightforward application of the first-to-file rule.

The foregoing does not end the Court's inquiry, however.  When the first-to-file rule applies, "'the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.'"  *In re Bozic*, 888 F.3d at 1052 (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)).  The Court concludes that dismissal is the proper course.  Judicial economy would not be served by staying or transferring this action when it is predicated on the same underlying facts and issues as the N.D. Texas Action.  *See Holloway*, 2020 WL 6586248, at *4.  Petitioner simultaneously is litigating what appear to be identical issues in three different forums.  It admits that the instant Petition is nothing more than an attempt to avoid the N.D. Texas Action and to eventually force the case into state court:

> Although . . . SHICHININ argues that the proper court to consider SHICHININ's motion to vacate the Final Award is the "first to file" Hawaii state court, it was necessary for SHICHININ to file its Petition/Motion to Vacate in this Court in

14

> case the various judges now involved regarding SHICHININ's motion to vacate determined that federal court, rather than Hawaii state court, was the appropriate court to consider the motion to vacate. If a determination is made that SHICHININ's motion to vacate should be resolved in federal court (with whatever complicated federalism and comity issues may be involved in that decision as between the state and federal courts), SHICHININ argues below that Hawaii federal court, not Texas federal court, is the proper federal court which should consider SHICHININ's motion to vacate.

ECF No. 37 at 12. In fact, Petitioner's ultimate goal is to have this Court "either dismiss the post-arbitration proceedings in federal court or stay the federal proceedings while the post-arbitration proceedings are litigated in" state court. *Id.* at 26. But the Court need not take part in Petitioner's procedural gamesmanship. Transferring the Petition to the Northern District of Texas when the identical issues are already being litigated there would be a drain on judicial resources.

Likewise, a stay of the instant action makes no sense. Petitioner may raise any arguments about which forum is most convenient in the N.D. Texas Action. Indeed, Petitioner has already done so. *See* N.D. Texas Action, ECF Nos. 28–29 (motion to dismiss, stay, or transfer). If the Court simply stayed the instant Petition, and the district judge in the N.D. Texas Action grants Petitioner's pending motion to transfer, then there would be duplicative cases in this Court. Further, because the issues between this case and the N.D. Texas Action are identical, a resolution of the N.D. Texas Action would be dispositive here, rendering any stay pointless. *See Holloway*, 2020 WL 6586248, at *4. Thus, for the foregoing

15

reasons dismissal rather than a transfer or stay best serves the purposes of the first-to-file rule.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Respondents' Motion to Dismiss.

Because the Court dismisses this action in its entirety, Petitioner's Motion to Vacate and Respondents' Counter Motion to Confirm are both DENIED as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, February 9, 2022.

Jill A. Otake
United States District Judge

Civil No. 21-00483 JAO-KJM; *Shichinin, LLC vs. Sprint Corporation, T-Mobile USA, Inc., T-Mobile US, Inc.*; ORDER (1) GRANTING RESPONDENTS' MOTION TO DISMISS; (2) DENYING PETITIONER'S MOTION TO VACATE ARBITRATION AWARD; AND (3) DENYING RESPONDENTS' COUNTER MOTION TO CONFIRM ARBITRATION AWARD

16